FILED
May 22, 2015
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
Time: 1:59 PM Central Time





**COURT OF WORKERS' COMPENSATION CLAIMS**
**DIVISION OF WORKERS' COMPENSATION**

EMPLOYEE: Deborah Little

v.

EMPLOYER: Benjamin Underwood d/b/a
Sweet T's

CARRIER: Uninsured

DOCKET #: 2014-06-0021

STATE FILE #: 70979-2014

DATE OF INJURY: 8/17/2014

JUDGE: Baker

## COMPENSATION HEARING ORDER AND JUDGMENT

THIS CAUSE came before the undersigned Workers' Compensation Judge, pursuant to Tennessee Code Annotated section 50-6-239, for a Final Compensation Hearing on April 9, 2015. Deborah Little, the employee, appeared *pro se*. Benjamin Underwood d/b/a Sweet T's (Sweet T's), the employer, failed to appear at the hearing. After considering the applicable law, the testimony and all the evidence introduced at the Compensation Hearing, the Court finds that Ms. Little suffered a compensable injury and is entitled to medical benefits.

### ANALYSIS

#### Evidence Submitted

In addition to the testimony of Ms. Little and the testimony of Victoria Holmes, Ms. Little also entered the following exhibits into evidence:

Ex. 1 – Medical Bills (9 pages)
Ex. 2 – Medical Records of Sumner Regional Hospital (Sumner Regional)(35 pages)
Ex. 3 – Form C-30A Final Medical Report

The Court did not consider any documents submitted to the Clerk prior to the hearing if not entered into evidence.

#### History of Claim

At the time of the events giving rise to this claim, Sweet T's operated two restaurants in

Tennessee. Ms. Little worked as a server at Sweet T's Westmoreland location. She earned $320 per week at the time of her injury. Ms. Little testified that Benjamin Underwood operated the restaurant and Andy Patel owned the building.[1]

On August 17, 2014, Ms. Little testified that she was in the kitchen area of the restaurant. She walked to the back to retrieve some more chicken for the fryer. Ms. Little had no memory of what happened next. The next thing Ms. Little remembered was that she was lying on the floor in the dish room and "there was blood everywhere" and water on the floor.

One of her co-employees called an ambulance. She was transported to Sumner Regional where she stayed overnight. Ms. Little underwent a CT scan of her head and an x-ray, which revealed no acute fractures or other abnormalities. The fall, however, caused a concave-type wound on Ms. Little's head. Victoria Holmes, a personal friend who came to hospital to see Ms. Little, described the injury as a "big gash" and a "dip" in Ms. Little's head. Ms. Little also had stitches and suffered significant bruising of her face and left eye. Fortunately, she did not incur permanent medical impairment as a result of the accident. (Exh. 3). Ms. Little was released from Sumner Regional on August 18, 2014. The providers at Sumner Regional did not impose any workplace restrictions.

Ms. Little incurred $2,676.58 in charges for medical treatment associated with the accident. (Exh. 1). Additionally, Ms. Little broke her glasses in the fall. Sweet T's told Ms. Little that it had workers' compensation insurance. However, the insurer refused to pay the hospital bills.

Ms. Little never returned to work for Sweet T's and Sweet T's closed its Westmoreland restaurant soon after her accident. She attempted to find other work and was eventually able to find work for a short period of time at a nursing home. She was not working at the time of the hearing.

### Ms. Little's Contentions

Ms. Little alleges that she slipped in water that had pooled on the floor in the area around the dishwashing station in the restaurant kitchen. Ms. Little requests that the Court order Sweet T's to pay the medical expenses associated with the accident. Ms. Little also requests that the Court order Sweet T's to pay her for the wages she lost during the two (2) weeks she was unable to work.

---

[1] Ms. Little and the Court have sent copies of orders to several persons and entities throughout the life of this claim. A search of the Secretary of State's website showed that the Secretary of State and/or the Department of Revenue dissolved Sweet T's corporate status on August 13, 2013. At that time, the Secretary of State listed Benjamin Underwood as the registered agent for service of process.

**Sweet T's Contentions**

Sweet T's did not appear at the hearing, either *pro se* or through counsel.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

In a workers' compensation action, Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2014). Employee must show that the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014).

*Dispositive Factual Findings*

The Court finds that Ms. Little slipped and fell in standing water in the kitchen at Sweet T's. She struck her head on the floor when she fell. Ms. Little lost consciousness, suffered a cut to her head and suffered significant bruising to her face. Ms. Little also damaged her glasses in the fall. An ambulance transported her to Sumner Regional where she stayed overnight. Ms. Little incurred $2,676.58 in medical expenses for treatment related to her injury. The physician treating Ms. Little did not order that she be taken off from work or impose any workplace restrictions. Sweet T's failed to provided workers' compensation insurance for its employees.

*Application of Law to Facts*

On January 13, 2015, the Court entered an interlocutory, Expedited Hearing Order requiring Sweet T's to pay the medical costs Ms. Little incurred as a result of her August 17, 2014 injury. She also seeks recovery for the costs to repair or replace her glasses. The Court denied Ms. Little's request for temporary disability benefits. Ms. Little comes before the Court today seeking a final order awarding her the costs of her medical bills.

Under the Tennessee Workers' Compensation Law, an "injury" or "personal injury" by accident is compensable whenever "the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id.* (internal quotations omitted). Further, an injury "causes death, disablement, or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." *Id.*

Ms. Little testified that she slipped in standing water at work causing her to fall. She also testified that she cut her head in the fall and bled considerably. Because of the fall, Ms. Little had to spend the night in the hospital, undergo several tests and have stitches in her head. (Exh. 2). Fortunately, the fall did not result in permanent medical impairment. (Exh. 3). The Court

3

finds that Employee has carried her burden of proving that she suffered an injury that arose primarily out of and in the course and scope of her employment. The special hazard of the wet dish room floor caused her to slip and fall. Furthermore, her injuries from the fall required medical care.

Tennessee law requires an employer to provide "…free of charge to the employee such medical and surgical treatment… including eyeglasses and eyewear…made reasonably necessary by accident as defined in this chapter[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Ms. Little presented evidence showing that she incurred $2,676.58 in unpaid medical bills. The Court orders Sweet T's to pay those bills. Additionally, Ms. Little testified that she damaged her glasses in the fall. Sweet's T's shall also pay the costs of having the eyeglasses repaired or replaced.

Ms. Little has also requested reimbursement of wages she lost while off from work following her injury. The Tennessee Workers' Compensation Law does not provide direct reimbursement for lost wages. Instead, an injured employee is entitled to receive temporary total disability benefits pursuant to Tennessee Code Annotated § 50-6-207(1) whenever the employee has suffered a compensable, work-related injury that has rendered the employee unable to work. *See Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978). Entitlement to temporary total disability benefits ends whenever an employee is able to return to work or reaches maximum medical improvement (MMI). *See id.*; *see also Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 776 (Tenn. 2000).

Ms. Little did not provide an opinion from a physician stating that she could not resume working following her injury. Her medical records show that the hospital released her from care the day after her injury without imposing any restrictions on her activities. Because Ms. Little has not submitted any medical proof showing that she was totally disabled from working due to her injury, the Court finds that she cannot recover temporary disability benefits.

Ms. Little did not request permanent disability benefits.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:**

1. That judgment in the amount of $2,676.58 is rendered against Benjamin Underwood d.b.a. Sweet T's, for which execution may issue if necessary.

2. That Benjamin Underwood d.b.a. Sweet T's shall pay the cost associated with repairing or replacing Ms. Little's eyeglasses. Ms. Little shall forward the repair or replacement cost to Mr. Underwood.

3. **Unless interlocutory appeal of is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty (30) days. Thereafter, compliance with this Order must occur no later within five (5) business days as required by Tennessee Code Annotated section 50-6-239(c)(9). The Insurer or Employer must submit confirmation of compliance**

4

**with this Order to the Division by email to <u>WCCompliance.Program@tn.gov</u> no later than the fifth (5th) business day after entry the Order becomes final. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email <u>WCCompliance.Program@tn.gov</u> or by calling (615) 253-1471 or (615) 532-1309.

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 26th DAY OF MAY, 2015.

Judge Joshua Davis Baker
Tennessee Court of Workers'
Compensation Claims
220 French Landing Drive
Nashville, TN 37243

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Compensation Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty (30) days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b).

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen (15) days after filing the request for appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(4). Alternatively, the parties may file a statement of the evidence. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeal's Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 22nd day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|------------------|---------|------------|-----------|---------------|
| Deborah Little | | | | | X | Littlechic54@hotmail.com |
| Benjamin Underwood, owner | | X | | | | 9485 Sparta Hwy. Crossville, TN 38572-8278 |

Jane Salem
**Jane Salem**
**Deputy Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**